UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Plaintiffs, <br><br> -against- <br><br> A QUEST CORPORATION, <br><br> Defendant. | 19 CV <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to a group of employee benefit plans.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," together, with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation. CCA Metro maintains its principal place of business at 245 5th Avenue, Suite 901, New York, New York 10016.

7. Defendant A Quest Corp. ("A Quest") is a corporation incorporated under the laws of the State of New York. At all relevant times, A Quest was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. A Quest maintains its principal place of business at 159 42nd Street, Brooklyn, New York 11232.

## STATEMENT OF FACTS

### The Collective Bargaining Agreement

8. At all relevant times, A Quest was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142.

10. The CBA required A Quest to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11. The CBA also requires A Quest to submit to payroll audits to confirm that it is complying with its obligations under the CBA.

12. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions "determined at the prime rate of Citibank plus 2%."

13. Under the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, A Quest is obligated to pay the Funds its attorneys' fees.

14. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of all the Agreements and Declarations of Trust establishing the Fringe Benefit Funds…and agrees to be fully bound thereby as though the said Agreements and Declarations of Trusts and Plans thereunder were fully set forth herein, and are all deemed to be incorporated within the framework of this Agreement." ("Trust Agreements").

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Employer Contributions (the "Collection Policy"). Accordingly, A Quest is bound to the terms of the Collection Policy.

16. Section V of the Collection Policy provides that if A Quest fails to make contributions when due, A Quest is liable to the Funds for interest on the amount of unpaid contributions "calculated at the prime lending rate of Citibank plus 200 basis points, compounded daily, on a declining principal basis," the greater of the interest on the delinquent contributions or liquidated damages in the amount of twenty percent (20%) of the principal amount of the delinquency, audit and collections expenses, and attorneys' fees and costs.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**The Audit and Late Payment Interest**

18. Pursuant to the CBA, the Funds conducted an audit of A Quest covering the period December 26, 2016 through December 23, 2018 (the "Audit").

19. The Audit contains a principal deficiency of $9,674.74 and promotional fund contributions of $76.55.

20. Additionally, A Quest owes interest on the late payment of contributions for July 2019 of $366.55.

21. Despite demand for payment, these amounts remain outstanding.

22. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, A Quest is liable to the Funds for: (1) the principal deficiency pursuant to the Audit of $9,674.74; (2) promotional fund contributions of $76.55; (3) interest on the principal deficiency; (4) the greater of the interest on the unpaid contributions or twenty percent (20%) of the principal amount of the delinquency; (5) late payment interest for July 2019 of $366.55; and (6) all reasonable attorneys' fees, audit costs, and collections costs incurred by Plaintiffs.

### **FIRST CLAIM FOR RELIEF AGAINST A QUEST**
*Unpaid Contributions Under 29 U.S.C. § 1145*

23. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. The CBA requires that A Quest make contributions to Plaintiffs for all Covered Work it performed.

26. Pursuant to the Audit, A Quest has failed to remit benefit contributions and promotional fund contributions for Covered Work it performed from December 26, 2016 through December 23, 2018 of $9,674.74 and $76.55, respectively.

27. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, A Quest is liable to Plaintiffs for: (1) delinquent benefit contributions of $9,674,74 and delinquent promotional fund contributions of $76.55 uncovered by

the Audit ; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty percent (20%) of the unpaid contributions; (4) reasonable attorneys' fees and collections costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

### **SECOND CLAIM FOR RELIEF AGAINST A QUEST**
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

28. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

30. A Quest violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work revealed by the Audit for the period December 26, 2016 through December 23, 2018.

31. A Quest further violated the terms of the CBA when it failed to timely remit all contributions for the period July 2019 thereby incurring interest charges of $366.55.

32. With respect to the Audit, under the CBA, documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) delinquent benefit contributions of $9,674.74 and promotional fund contributions of $76.55 for the period December 26, 2016 through December 23, 2018; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty percent (20%) of the unpaid contributions; (4) reasonable attorneys' fees and collections costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

33. With respect to the late payment interest, A Quest owes in connection with contributions it paid past the deadline for doing so for July 2019, under the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $366.55; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

34. As a result of A Quest's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against A Quest for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed for Covered Work as revealed by the Audit for the period December 26, 2016 through December 23, 2018;

ii. Award judgment in favor of Plaintiffs and against A Quest for its failure to timely remit contributions required by the CBA for July 2019;

iii. On Plaintiffs' First Claim for Relief, issue an order finding that A Quest is liable to Plaintiffs for: (1) delinquent benefit contributions uncovered by the Audit of $9,674.74; (2) delinquent promotional fund contributions uncovered by the Audit of $76.55; (3) interest on the principal deficiency; (4) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty percent (20%) percent of the unpaid contributions; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

iv. On Plaintiffs' Second Claim for Relief, with respect to the Audit, issue an order finding that Plaintiffs are entitled to recover: (1) delinquent benefit contributions uncovered by the Audit of $9,674.74; (2) delinquent promotional fund contributions uncovered by the Audit of $76.55; (3) interest on the principal deficiency; (4) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty percent (20%) percent of the unpaid contributions; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

v. On Plaintiffs' Second Claim for Relief, with respect to the late payment of interest A Quest owes in connection with contributions it paid past the deadline for doing so for July 2019, finding that Plaintiffs are entitled to recover: (1) late payment interest of $366.55; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

vi. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 11, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Nicole Marimon, Esq.
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*